

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

February 12, 1976

The Honorable Kenneth D. Gaver       Opinion No. H-779
Commissioner
Texas Department of Mental Health     Re:  Commitment and
  and Mental Retardation              detention of defendants
P. O. Box 12668, Capitol Station      found to be incompetent
Austin, Texas  78711                  to stand trial or not
                                      guilty by reason of
                                      insanity.

Dear Doctor Gaver:

     You have requested our opinion regarding the applica-
bility of revised article 46.02, Texas Code of Criminal
Procedure, to those persons committed under its former
provisions.

     Article 46.02 establishes a procedure by which persons
who have been determined incompetent to stand trial are
committed to a mental health facility for a period not to
exceed twelve months.  Whenever the head of the facility
believes that a committed defendant has attained competency
to stand trial, or believes that there is no substantial
probability that the defendant will attain such competency
within the foreseeable future, or, in the alternative, after
the defendant has been committed for a period of twelve
months, the defendant may be tried, released, or subjected
to civil commitment proceedings, whichever is appropriate.
Unlike the procedure under the old statute, the defendant is
not subject to repeated orders of temporary commitment.
Sec. 5(h).  Furthermore, the court no longer has the authority
to confine a defendant for longer than one year under the
temporary commitment procedure.  Sec. 5(e).  You first ask
when the twelve month period provided in section 5 of article
46.02 begins to run with respect to a person who, pursuant
to the former statute, had been found insane at the time of
trial and had been committed to a mental health facility
prior to June 19, 1975, the effective date of the revised
statute.

Initially, we observe that revised article 46.02 may be characterized as remedial legislation, and, as such, not subject to the constitutional inhibition against the passage of retroactive laws. Holt v. Wheeler, 301 S.W.2d 678, 680 (Tex.Civ.App. -- Galveston 1957, writ dism'd). A remedial law is one which is

> designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good.

The term may also be used to describe

> those statutes or amendments which apply to procedural matters rather than to substantive rights. Rookledge v. Garwood, 65 N.W.2d 785, 789 (Mich. 1954).

See 73 Am.Jur.2d Statutes § 11. In our opinion, the revision of article 46.02 may be fairly deemed to be remedial in nature. Its only effect is to limit the period of a defendant's temporary commitment and to establish procedures for further disposition. It corrects procedures which the Legislature apparently regarded as defective, but it does not affect any person's substantive rights.

Revised article 46.02 completely replaced its predecessor. Acts 1975, 64th Leg., ch. 415, p. 1095. Since there is no constitutional bar to the retroactive application of revised article 46.02, and since the revised statute was the only one in effect after June 19, 1975, we conclude that persons already committed at the time the statute became effective were, after such date, being held pursuant to the terms of the revised statute. As a result, the twelve month period must be deemed to have begun to run on the date such persons were actually committed. Likewise, since the revised statute is fully applicable to persons already committed on June 19, 1975, we believe that the prohibition of section 5(h) of article 46.02 prevents the recommitment of such persons under a temporary commitment procedure.

## S U M M A R Y

The twelve month period provided for in section 5 of article 46.02, Texas Code of Criminal Procedure, began to run, as to all persons committed prior to the effective date of the revised statute, on the date such persons were actually committed. A court is now prohibited by section 5(h) from temporarily recommitting any person, regardless of when such person was initially committed.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb